PS 8 Revised 07
MD/TN Revised 04/12

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. **Michael Anthony Evans**          Docket No. 3:12-CR-00118

### Petition for Action on Conditions of Pretrial Release

COMES NOW **Dariel Blackledge-White**, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant **Michael Anthony Evans** who was placed under pretrial release supervision by the **Honorable U.S. Magistrate Judge John S. Bryant** sitting in the Court at **Nashville, Tennessee**, on **July 10, 2012**, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Dariel Blackledge-White | Nashville, TN | March 5, 2013 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

| Next Scheduled Court Event | **Trial** | May 07, 2013 |
|---|---|---|
| | Event | Date |

---

## PETITIONING THE COURT

☐ No Action                      ☒ To issue an order setting a hearing on the petition
☐ To Issue a Warrant             ☐ Other

---

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
   ☐ Sealed Pending Warrant Execution
   (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☒ A Hearing on the Petition is set for

**March 20, 2013**     **1:30 p.m.**
Date                   Time

Considered and ordered this **6th** day of **March**, **2013**, and ordered filed and made a part of the records in the above case.

_John Bryant, USMJ_
U.S. Magistrate Judge John S. Bryant

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
EVANS, Michael Anthony
Case No. 3:12-00118
March 5, 2013

Mr. Evans appeared before Your Honor on July 10, 2012, and was released on his own recognizance with various conditions, including being placed in the third party custody of his mother, Barbara Evans.

Due to Mr. Evans residing in the Eastern District of Tennessee, his supervision was transferred to that office. He was initially supervised by United States Probation Officer (USPO) Christa Heath. Supervision was transferred to USPO Danny Haimelin on or about January 4, 2013.

A trial date has been scheduled for May 7, 2013, before the Honorable U.S. District Judge Kevin H. Sharp.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: The defendant must immediately advise the Court, defense counsel, and the U.S. Attorney in writing before any change in address or telephone number:**

On January 3, 2013, USPO Heath contacted the defendant's father, who reported that the defendant was not actually living inside the residence of he and his wife, but in a smaller house behind the main residence. The defendant failed to advise the U.S. Probation and Pretrial Services Office in the Eastern District of Tennessee of his actual residence.

**Violation No. 2: The defendant is placed in the custody of Barbara Evans, who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the Court immediately if the defendant violates any condition of release or disappears.**

On February 12, 2013, USPO Haimelin contacted Mr. Evans' mother via her cell number after he was unable to make contact with the defendant at his residence. Mrs. Evans advised she had traveled to Knoxville, Tennessee, to take the defendant's daughter to the doctor. She told USPO Haimelin that she had not spoken with the defendant that day, but that it was her understanding that he was also in Knoxville to take his wife to the doctor. As the third party custodian, Mrs. Evans was advised that a home visit was attempted, and the concern that the defendant appeared to be avoiding contact was expressed. Mrs. Evans stated that her other son, Billy Evans, also occasionally stayed at the defendant's residence. She was asked to contact the defendant and have him call the supervising officer. She was provided with USPO Haimelin's cell phone number and asked to contact him if she was unable to get in touch with the defendant. She never contacted the supervising officer despite

2

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
EVANS, Michael Anthony
Case No. 3:12-00118
March 5, 2013

this request and a subsequent voice mail message left for her after the initial conversation.

At 4:40 a.m. on Wednesday, February 13, 2013, the defendant left a voice mail message for the supervising officer. It was labeled "caller ID unknown," as have all of the defendant's voice mail messages. He related that his mother told him that he needed to contact his pretrial services officer. Mr. Evans stated that his wife's phone was not working, but that he would find a Verizon store sometime that date and would call back as soon as possible. He also said that he took the week off from work and would be going to Gatlinburg, Tennessee, with his wife for a few days. He said that things were going well and he would call when he could.

Later that morning, USPO Haimelin made contact with the defendant's mother. She advised that Mr. Evans called her on Tuesday, February 12, 2013, but that the connection was poor so they did not have a conversation. She did say that she told him to call his probation officer. Mrs. Evans was asked if the defendant's phone receives text messages. She stated that sometimes he gets them and sometimes he does not. The supervising officer again requested that Mrs. Evans have the defendant contact him. Mrs. Evans was advised that the longer the defendant refrained from contact with Pretrial Services, the more likely that he would be back before the Court. She indicated that she would try to contact him.

On Friday, February 15, 2013, the defendant's mother was again contacted. She advised that she thought it was Thursday, February 14, 2013, that she had spoken to the defendant, and that she told him it was imperative that he call his Pretrial Services Officer. She stated she did not know why he had not made contact with his officer. Mrs. Evans indicated she thought the defendant may have been home resting as it was her understanding that he had to work that evening. USPO Haimelin advised Mrs. Evans that if Mr. Evans did not contact the probation officer sometime that day, a Petition would be filed requesting a warrant for his arrest.

Based on the events outlined above, it is apparent that the defendant's placement in the third party custody of his mother has not been effective. She has been unable to report his whereabouts to the supervising officer, or to communicate to the defendant the urgency of reporting.

**Violation No. 3: Submit to any testing required by the pretrial services officer or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency, and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a conditions of release:**

On February 12, 2013, the defendant failed to report for drug testing as ordered by the supervising officer.

3

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
EVANS, Michael Anthony
Case No. 3:12-00118
March 5, 2013

On February 19, 2013, Mr. Evans submitted a urine screen that was diluted. He claimed to have a valid prescription for Alprazolam and denied that he had purposefully diluted his system to mask any drug use.

On March 5, 2013, the defendant reported to the U.S. Probation and Pretrial Services Office located in Nashville, Tennessee, and submitted a urine screen that was diluted. He denied he had purposefully diluted his system to mask any drug use. Specifically, Mr. Evans reported he drinks large amounts of water because he has kidney problems.

### Violation No. 4: The defendant must report to the Pretrial Services Office as directed.

On January 7, 2013, the defendant called USPO Haimelin as required. He stated that he had ordered a new cell phone and would call with the number on either January 9, 2013, or January 10, 2013, when his new phone was received. When he called again on January 14, 2013, he claimed that the wrong phone had been sent to him and he would call back sometime that week when he received the correct phone. The defendant never called back with a valid cell number.

On February 12, 2013, an unannounced home visit was conducted at the defendant's parents' residence. The defendant's niece answered the door and advised that her grandparents had gone to Knoxville to take the defendant's daughter to the doctor. The supervising officer inquired if Mr. Evans was at home. She stated that she thought that he had just gotten off work and that he should be in the home located behind the main house, where he has been residing. The officer approached that house, and he heard both a male voice and a female voice inside the residence. Once the door was knocked upon, the voices stopped, and there was no answer. USPO Haimelin walked back to the main house and asked the defendant's niece to see if she could get an answer at the door. She knocked on both the front and the back door, but again there was no answer. The officer requested the defendant's phone number, as he had never provided it to Pretrial Services. The defendant's niece advised that both the defendant and his wife had phones and his cell number was (423) 582-0425. At that time, the officer called the number provided. After approximately five rings, it went straight to a voice mailbox that had not yet been set up. Within minutes, the defendant called his niece. She advised that there was a bad connection, but she did tell him that his probation officer was at the residence. The call got disconnected and he sent a text message to his niece advising that he was in Knoxville. At that point, the supervising officer sent a text message to the number from which the defendant had sent the niece a message from, advising that he would be contacted telephonically within an hour, and to answer his phone. After a phone call was made, within that hour, which went unanswered, a text message was sent providing Mr. Evans with USPO Haimelin's cell number and directing him to call that number. He never responded.

On Tuesday, February 19, 2013, the defendant reported to the U.S. Probation Office in Chattanooga, Tennessee and met with the supervising officer and Supervisory U.S. Probation Officer Janet Landers. He did not report first thing in the morning, as directed, claiming that he was never told a

4

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
EVANS, Michael Anthony
Case No. 3:12-00118
March 5, 2013

time to report. Pretrial Services' concern regarding the inability to get in touch with him was shared. Mr. Evans advised he had been truthful with Pretrial Services. He claimed that the voices which were heard at his residence on February 12, 2013, were that of his brother Billy, and Billy's girlfriend. He claimed that they were indecent at the time, which is why they didn't answer the door. He said that he was having telephone problems and didn't receive any text messages from this officer or others advising that he was being sought. Mr. Evans admitted that although he went to Knoxville during the previous week, the doctor they were to see did not accept cash payment. Thus, the defendant stated he could not provide documentation of his wife's appointment. Further in the conversation, it was discovered that they didn't actually have an appointment with a doctor in Knoxville that day, but that they were told by his wife's doctor in McMinnville, Tennessee, to see a certain doctor in Knoxville. He didn't recall the name of the doctor(s) they were to see in Knoxville.

Mr. Evans had previously advised USPO Haimelin that he could not report for a urine screen in the U.S. Probation and Pretrial Services Office located in Knoxville, Tennessee, on February 12, 2013, due to an issue with the water pump on his vehicle. On February 19, 2013, the defendant informed the supervising officer that the problem with his truck was not the water pump, but an issue with a fan. He said that no parts were purchased and his brother had to drive to Gatlinburg, Tennessee, to tow the vehicle home. He claimed that the vehicle belonged to a friend named David (LNU), who loaned him the vehicle.

The defendant was instructed to report on Friday, February 22, 2013, at 8:00 a.m. He was given a list to bring with him to that meeting as follows: 1) a list of prescriptions from every pharmacy he had used within the past year; 2) prescription bottles with medication in the bottles; 3) documentation from the Knoxville doctor's office where he and his wife visited; 4) documentation from the trip to Gatlinburg area; 5) documentation from the McMinnville doctor verifying that his wife was referred to a Knoxville doctor; 6) the telephone number for David (LNU), who loaned defendant the truck he drove to Knoxville, along with the tag number of the vehicle; and 7) the name and telephone number of his employer.

The defendant was unable to report at 8:00 a.m. on February 22, 2013, due to lack of transportation. As the supervising officer had obligations later in the day, Mr. Evans reported to the office in the afternoon and met with SUSPO Landers. The defendant provided a printout of medication received from Fred's Pharmacy in Pikeville, Tennessee, since January 1, 2012. There was no indication of a prescription for Alprazolam being filled. He advised that there were two other pharmacies he had used in the past year, but he failed to bring verification of the medications he had filled. Mr. Evans also failed to provide any documentation of his wife being referred to any doctor(s) in Knoxville, or any proof of her being seen by any doctor(s) in Knoxville the week of February 10, 2013. Further, he failed to provide any documentation verifying that he was in Gatlinburg during that week, and the only document he provided regarding his Knoxville trip was a copy of a parking ticket from February 12, 2013, with several lines blacked out (it may be noted that his mother has reported that she was

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
EVANS, Michael Anthony
Case No. 3:12-00118
March 5, 2013

also in Knoxville on that date to take the defendant's daughter to the doctor). Mr. Evans also failed to provide David's telephone number or the tag number for the truck he allegedly drove to Knoxville/Gatlinburg. He also did not provide the name and telephone number of his employer. He did, however, have his brother, Billy, come with him to the probation office. Billy advised SUSPO Landers that it was him inside the residence when the officer conducted a home visit on February 12, 2013. He also reported that he did go to Gatlinburg to tow David's truck and to pick up the defendant and his wife.

On February 25, 2013, the defendant contacted USPO Haimelin as required. His failure to provide the requested documentation as instructed was discussed. Mr. Evans claimed that it was difficult for him to obtain everything that was requested due to his lack of transportation. He also again requested that his employer not be contacted. The supervising officer explained third party risk factors to him regarding taking controlled substances and driving a truck. He advised that his employer is aware of him taking controlled substances. USPO Haimelin directed the defendant to provide a statement from his employer attesting to that fact via email, fax, or U.S. mail. Mr. Evans was instructed to call if he mailed the document. The officer has yet to receive any documentation or a telephone call from the defendant or his employer.

On March 1, 2013, the defendant was supposed to report to the U.S. Probation and Pretrial Services Office in Nashville. He failed to do so, and an appointment was scheduled for 10:00 a.m. on March 5, 2013.

On the morning of March 5, 2013, Mr. Evans called and reported he had been involved in an automobile accident while en route to the probation office. He provided an accident report card at approximately 11:27 a.m., when he arrived at the probation office.

Mr. Evans failed to provide any requested documents to the Pretrial Services Officer.

**Violation No. 5: Maintain or actively seek employment:**

On December 13, 2012, the defendant obtained employment with Hankins Farm, located in Spencer, Tennessee as a truck driver. He requested that his employer not be contacted. The defendant reports that he is still employed with this company. However, he has not provided proof of employment to the supervising officer.

On March 5, 2013, Mr. Evans submitted trip sheets as proof of employment. It is noted the sheets did not have either his or his employer's name listed.

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
EVANS, Michael Anthony
Case No. 3:12-00118
February 28, 2013

**Violation No. 6: Refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S. C. Section 802, unless prescribed by a licensed medication practitioner:**

On October 26, 2012, the supervising officer conducted a home visit at the defendant's reported address. During that contact, the defendant reported going to the hospital earlier in the week after a tree fell on him. He related that he had been injected with a pain killer and also was prescribed hydrocodone. His prescription bottle revealed that it was filled for 15 pills with instructions to take one pill every six hours as needed. There were nine pills remaining. An unobserved drug screen was taken which was presumptively negative, but appeared to be diluted. Because he reported taking hydrocodone one day earlier, and the morning of the officer's visit, there was concern because the drug screen was negative. Mr. Evans was directed to report to the U.S. Probation Office to provide another urine sample for testing. That sample did test positive for hydrocodone, which was confirmed by Alere laboratory.

Of particular note, the defendant reported to the U.S. Probation and Pretrial Services Office on February 22, 2013, and he failed to provide any verification of having been prescribed Alprazolam, or any other Benzodiazapine, prior to February 21, 2013. He provided medication records of being seen at River Park Hospital in McMinnville, Tennessee on February 21, 2013, at which time, he was provided several prescriptions, none of which would render a positive urinalysis for hydrocodone.

**Violation No. 7: Report as soon as possible, and in any event within 48 hours, to the pretrial services officer or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop:**

On July 24, 2012, Detective Conner Wardlaw with the Van Buren County Sheriff's Office contacted the supervising officer and reported that the defendant had contacted his office and requested to assist them in locating marijuana patches. At that time, Detective Wardlaw was advised that he would be contacted if and when the Court approved the defendant's cooperation. As the Eastern District of Tennessee did not advise this officer of this request, the issue was never addressed with the Government or the Court.

On February 19, 2013, Mr. Evans advised U.S. Probation and Pretrial Services Officers that he had been actively assisting local law enforcement, through Detective Wardlaw with the Van Buren County Sheriff's Office. He was instructed to have Detective Wardlaw contact this officer. To date, no contact has been made with Detective Wardlaw, and the defendant has failed to advise Pretrial Services of law enforcement contact. On February 22, 2013, the defendant advised that due to the sheriff of Van Buren County passing away, Detective Wardlaw has been unable to contact Pretrial Services.

7

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
EVANS, Michael Anthony
Case No. 3:12-00118
February 28, 2013

**Current Status of Case:**

As previously noted, the defendant is set for trial on May 7, 2013.

**Probation Officer Actions:**

The defendant initially met with USPO Christa Heath on July 13, 2012. His conditions of release were again reviewed and initialed by him. At that time, Mr. Evans reported living with his parents and wife in Van Buren County, Tennessee. He denied any substance abuse; however, he reported being prescribed Trazodone as a sleep aid and Methacarbonzale for joint and muscle pain. A urinalysis test taken that date was negative for all substances.

On July 20, 2012, a home assessment was conducted at his reported residence. No contraband or third party risks were observed.

The supervising officer in the Eastern District of Tennessee has provided Mr. Evans with several opportunities to report to the U.S. Probation and Pretrial Services Office to conduct his monthly interviews and submit random urine screens. Mr. Evans has repeatedly failed to report as directed by the supervising officer.

This officer scheduled a face-to-face visit with Mr. Evans on March 1, 2013, to discuss his noncompliance and also the conditions of continued courtesy supervision in the Eastern District of Tennessee. He failed to report to the office on that day, and he reported on March 5, 2013. He failed to provide the documentation of vehicle trouble, proof of employment, and other items as requested.

**Respectfully Petitioning the Court as Follows:**

Based upon the defendant's violations and his continued inability to provide requested documentation to Pretrial Services, it is respectfully recommended that he be ordered to appear before the Court to show cause as to why his bond should not be revoked.

Approved:

_____
William Burton Putnam
Supervisory U.S. Probation Officer

xc: Sumter Camp, AFPD
      Lynne Ingram, AUSA